FILED & ENTERED

SEP 26 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**MARIA D. MARTINEZ,**<br><br>                Debtor. | Case No. 2:15-bk-25415-RK<br><br>Chapter 7<br><br>**ORDER FOR FURTHER BRIEFING AND CONTINUING HEARING ON UNITED STATES TRUSTEE'S MOTION UNDER 11 U.S.C. § 110(h)(5) FOR FINES AND REQUEST FOR INJUNCTION UNDER 11 U.S.C. § 110(j)(3) AGAINST BANKRUPTCY PETITION PREPARER FOR FAILING TO COMPLY WITH A COURT TURNOVER ORDER; REQUEST FOR INJUNCTION UNDER 11 U.S.C. § 110(j)(3)** |

Pending before the court is the United States Trustee's Motion for Fines under 11 U.S.C. § 110(h)(5) and an Injunction Under 11 U.S.C. § 110(j)(3) against Bankruptcy Petition Preparer Reina Licona for Failure to Comply with a Court Turnover Order; Request for Injunction Under 11 U.S.C. § 110(j)(3) (the "Motion"). Electronic Filing Number ("ECF") 25, filed on June 27, 2016. Ron Maroko, Trial Attorney, Office of the

1  United States Trustee, represents the United States Trustee in this matter.  The Motion is

2  unopposed.

3       This Motion is a follow-up to a prior motion of the United States Trustee for fines

4  and/or disgorgement of fees against this bankruptcy petition preparer ("BPP") pursuant to

5  11 U.S.C. § 110, ECF 19, filed on March 22, 2016.  As indicated by the proof of service of

6  the notice of hearing for the prior motion, on March 22, 2016, the United States Trustee's

7  Office served a copy of the prior motion on the BPP by United States mail, first class,

8  postage prepaid, to the BPP at the address of Reina Licona, 10524 Downey Ave.,

9  Downey, CA  90241.  ECF 20, filed on March 22, 2016, at 2-3.  The debtor, Maria

10  Martinez, in her declaration attached to the prior motion identified Reina Licona as the

11  person who helped her with her bankruptcy petition.  ECF 20 at 13.  However, the debtor

12  did not state an address for Reina Licona, only a telephone number, (562) 392-2374.  *Id.*

13  According to counsel for the United States Trustee, he traced this telephone number to a

14  business called Soy Solucion Finanicera.  Declaration of Ron Maroko, *id.* at 11.

15  However, there is no explanation in the first motion the factual basis for the use of the

16  address of 10524 Downey Ave., Downey, CA  90241, as the service address for the BPP.

17  Debtor's bankruptcy petition does not list any name of a bankruptcy petition preparer or

18  any address for one.  Exhibit A, Petition, *id.* at 15-71.  The BPP did not file any written

19  response to the prior motion, nor did the BPP appear at the hearing on the prior motion

20  on April 19, 2016.

21       The court granted the prior motion as reflected in its turnover order ("Turnover

22  Order"), ECF 22, filed on April 25, 2016, which fined the BPP $1,000.00 and ordered her

23  to disgorge $200.00 in fees received from the debtor and to pay the disgorged fees of

24  $200.00 to the debtor within 30 days of the entry of the Turnover Order.  *Id.*  The

25  Turnover Order required the BPP to file a declaration within 45 days of entry of the order

26  that she paid the fines $1,000.00 in certified funds to the United States Trustee and the

27  disgorged fees of $200.00 to the debtor.  *Id.*

28

1    The BPP has not complied with the Turnover Order, which prompted the United

2  States Trustee to file the instant Motion, which now seeks the imposition of fines against

3  the BPP for failing to comply with the Turnover Order and the imposition of an injunction

4  against the BPP for acting as a BPP.  As indicated by the proof of service of the notice of

5  hearing for the instant Motion, on June 27, 2016, the United States Trustee's Office

6  served a copy of the Motion on the BPP by United States mail, first class, postage

7  prepaid, to the BPP at the address of Reina Licona, 10524 Downey Ave., Downey, CA

8  90241.  ECF 25, filed on June 27, 2016, at 2-3.  The BPP did not file any written

9  response to the prior motion, nor did the BPP appear at the hearing on the Motion on July

10  26, 2016.

11    At the initial hearing on the instant Motion on July 26, 2016, the court requested

12  counsel for the United States Trustee to file supplemental briefing on the court's authority

13  to impose an injunction on the BPP since it appeared to the court that the United States

14  Trustee was seeking a civil contempt order for non-compliance with the Turnover Order,

15  making the provisions of Local Bankruptcy Rule 9020-1 governing contempt proceedings.

16  Pursuant to the court's briefing request, the United States Trustee filed an "additional"

17  brief, which cited appropriate authority for the United States Trustee to seek the

18  imposition of fines and an injunction for failure of the BPP to comply with the prior

19  Turnover Order pursuant to 11 U.S.C. § 110(h)(5) and (j)(3) rather than though the

20  court's civil contempt authority.  ECF 27, filed on September 15, 2016.

21    Based on the "additional" brief of the United States Trustee, the court is satisfied

22  that it has legal authority to consider the relief sought by the second motion of the United

23  States Trustee for fines and injunctive relief for the BPP's failure to comply with the order

24  on the first motion.  However, the court is concerned about the procedural due process

25  and fairness regarding the instant motion, and perhaps the court did not sufficiently

26  articulate this specific concern at the initial hearing, though it stated in a tentative ruling

27

28

1  that the United States Trustee should follow the civil contempt proceedings with an order

2  to show cause procedure under Local Bankruptcy Rule 9020-1.

3        The court's "hunch" regarding procedural due process is validated by its further

4  research of the appropriate process for the relief sought by the second motion of the

5  United States Trustee.  The court has found case and rule authority not raised or

6  discussed in the original and "additional" briefing of the United States Trustee, which

7  indicates that the second motion of the United States Trustee seeking injunctive relief is

8  procedurally improper in that an adversary proceeding for injunctive relief is required and

9  thus, the Motion should be denied on procedural grounds without prejudice.  Fed. R.

10  Bankr. P. 7001(7); *Demos v. Brown (In re Graves),* 279 B.R. 266, 273-278 (9th Cir. BAP

11  2002); *In re Nieves,* 290 B.R. 370, 380 (Bankr. C.D. Cal. 2003); *accord, In re Poehlman,*

12  2008 WL 8448826, slip op. at *8, 2008 Bankr. LEXIS 4708 (9th Cir. BAP 2008)

13  (unpublished memorandum opinion); *see also,* 10 Resnick and Sommer, *Collier on*

14  *Bankruptcy,* ¶ 7001-02 at 7001-4 (16th ed. 2016)("Failure to commence an adversary

15  proceeding when seeking the relief of the kind listed in Rule 7001 has resulted in the

16  denial of the motion or dismissal of the proceeding.")(citations omitted).  Rule 7001(7)

17  provides that an adversary proceeding is "(7) a proceeding to obtain an injunction or

18  other equitable relief, except when chapter 9, chapter 11, chapter 12, or chapter 13 plan

19  provides for the relief".  The cases cited above hold that Rule 7001(7) requiring an

20  adversary proceeding applies to motions seeking injunctive relief like this one.  The

21  United States Trustee has not shown that Rule 7001(7) requiring an adversary

22  proceeding does not apply to his motion seeking injunctive relief.

23        Having reviewed the papers in the prior motion and in the instant Motion which do

24  not give the factual basis for the use of the service address used for the BPP and the lack

25  of any written response by, or appearance of, the BPP on these motions, the court now

26  has concerns whether there has been sufficient notice and process on the BPP to impose

27  the fines and injunctive relief now sought by the United States Trustee in the instant

28

Motion.  Procedural due process is a fundamental tenet in our system of jurisprudence as
recognized by the Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.,* 339
U.S. 306 (1950): "An elementary and fundamental requirement of due process in any
proceeding which is to be accorded finality is notice reasonably calculated, under all of
the circumstances, to apprise interested parties of the pendency of the action and afford
them an opportunity to present their objections."   339 U.S. at 314 (citations omitted).
"But when notice is a person's due, process which is a mere gesture is not due process.
The means employed must be such as one desirous of actually informing the [party]
might reasonably adopt to accomplish it."  *Id.* at 315.

      The court is concerned that the mail notice of the proceedings so far to impose
more fines of hundreds of dollars in addition to the original fine of $1,000.00 against the
BPP and to permanently enjoin her from engaging in the business of being a BPP at a
service address for which it has not been sufficiently explained is a good address for her
is fair and accords her procedural due process.  It may well be that the lack of
compliance by the BPP with the court's Turnover Order may be due to insufficient service
of process by the United States Trustee, and the lack of any response by her to the
motions may be a good indicator that the service address used by United States Trustee
is bad.  Accordingly, under the circumstances, the court believes that the United States
Trustee should serve her with process in this matter by personal delivery.

      Based on the foregoing, the court believes that it is appropriate to require the
United States Trustee to address the additional concerns of procedural due process and
fairness raised by the court regarding the instant Motion, and thus, the court makes the
following rulings:

      1.  On or before October 18, 2016, the United States Trustee is ordered to file a
further supplemental brief with the court regarding the issues of: (1) whether
the motion for an injunction must be brought by an adversary proceeding, or in
the alternative, the United States Trustee may voluntarily withdraw the Motion

5

1    without prejudice to commence an adversary proceeding; (2) whether personal

2    service of the adversary proceeding and/or motion for fines should be required

3    here.

4    2. The hearing on the Motion now scheduled on September 27, 2016 at 3:00 p.m.

5       hearing is continued to October 25, 2016 at 3:00 p.m.

6    3. No appearances are required on September 27, 2016.

7       **IT IS SO ORDERED**.

8                  ###

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   Date: September 26, 2016

24                                      Robert Kwan
                                     United States Bankruptcy Judge

25

26

27

28